UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br>GUILLERMO ZUNIGA-VARGAS,<br><br>                Defendant. | Case No. 3:18-cr-00081-MMD-WGC<br><br>ORDER |

**I. SUMMARY**

Defendant Guillermo Zuniga-Vargas asks the Court to dismiss the indictment for unlawful reentry under 8 U.S.C. § 1326(a) having previously been removed from the country on three occasions ("Motion"). (ECF No. 25.) Defendant argues: (1) the first and third removals are invalid under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and because he was not advised of his eligibility for voluntary departure; and (2) the second removal was invalid because he was not advised by an immigration officer that he could withdraw his application for admission. (ECF Nos. 25, 31.) Defendant contends that these removals therefore cannot be predicate removals for the instant unlawful reentry charge and thus the charge should be dismissed. The Court will deny the Motion because Defendant has not successfully collaterally attacked his second removal.[1]

///

///

---

[1] In addition to the Motion, the Court also reviewed the government's response (ECF No. 28), Defendant's reply (ECF No. 31), and the government's notice of correction (ECF No. 33).

## II. RELEVANT BACKGROUND

Defendant's charge for unlawful reentry under 8 U.S.C. § 1326(a) is based on Defendant's prior removals from the United States in January, April, and September 2014. (ECF Nos. 10.) Defendant's first removal was pursuant to an order of removal issued by an immigration judge ("IJ"). (ECF No. 25-1.) His third removal was based on the reinstatement of the first removal order issued in January 2014. (ECF No. 25-2.) The second removal in April 2014 resulted from an expedited removal order issued by an immigration officer. (ECF Nos. 25-3, 28-6.)

## III. LEGAL FRAMEWORK

To obtain a conviction for unlawful reentry pursuant to 8 U.S.C. § 1326(a), the government must establish that Defendant was previously, validly removed from the United States before the alleged reentry. *See United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015). A defendant charged with unlawful reentry under § 1326(a) "has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). A defendant may successfully challenge a predicate removal order by showing: (1) he exhausted all administrative remedies available to him to appeal his removal order; (2) the underlying removal proceedings where the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the removal order is fundamentally unfair. *See* 8 U.S.C. § 1326(d); *see also Ubaldo-Figueroa*, 364 F.3d at 1047 (noting that "the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation" in a § 1326 prosecution). The entry of a removal order is fundamentally unfair if the deportation

///
///
///
///
///

proceedings violated the defendant's due process rights and that violation prejudices the defendant. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004).

## IV. DISCUSSION

### A. Defendant's First and Third Removals

The Court finds that Defendant's first and third removals were invalid because the immigration court lacked jurisdiction over the relevant removal proceedings.

The notice of appearance ("NTA") the government issued for Defendant's first removal proceedings (ECF No. 25-4) is the charging document upon which the immigration court's jurisdiction rests for the first and third removals as the latter was merely based on a reinstatement of the former. (ECF Nos. 25-1, 25-2). *See* 8 CFR § 1003.14 ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service."); *see also id.* at § 1003.13 (defining a "charging document" as including "a Notice to Appear").

Here, the NTA was inadequate to confer jurisdiction on the immigration court. The NTA issued to Defendant only provided that the removal hearing would occur "on a date to be set at a time to be set." (*Id.* at 2.) This Court has found that under *Pereira*, the absence of such date and time information in an NTA cannot confer jurisdiction upon the immigration court. *United States v. Rodriguez-Rosa*, No. 3:18-cr-00079-MMD-WGC, ECF No. 24 (D. Nev. Dec. 11, 2018), as amended *nunc pro tunc* ECF No. 26 (explaining *Pereira*'s reasoning and finding that the defendant successfully collaterally attacked his indictment under § 1326(a) because: (1) lacking jurisdiction, the immigration court's removal order was fundamentally unfair, and the defendant was prejudiced by being removed when he should not have been; and (2) § 1326(d)(1) and (2)'s exhaustion and deprivation requirements[2] were satisfied under applicable Ninth Circuit law because the

///

---

[2]The government acknowledges that this circuit's law excuses Defendant from satisfying the exhaustion and deprivation requirements under § 1326(d)(1) and (2) if Defendant can show that the entry of the deportation order was fundamentally unfair under § 1326(d)(3). (ECF No. 28 at 11.) But the government nonetheless argues that Defendant

3

defendant was likely misinformed or misled about his rights based on the immigration court finding him removable despite it lacking jurisdiction to do so); *see also United States v. Valladeres*, No. A-17-CR-00156-SS (W.D. Tex. Oct. 30, 2018) (dismissing defendant's § 1326 offense because the NTA that failed to include the *time and date* of the hearing voided defendant's prior removal per *Pereira* and the plain reading of § 1229(a)); *United States v. Zapata-Cortinas*, No. SA-18-CR-00343-OLG, 2018 WL 6061076 (W.D. Tex. Nov. 20, 2018) (same); *see also United States v. Ortiz*, 18-CR-00071-RWG, 2018 WL 6012390 (D. N.D. Nov. 7, 2018) (dismissing defendant's § 1326 offense based on *Pereira* because the NTA failed to include the *time and place*).

The government argues that Defendant cannot collaterally attack the removal based on insufficient notice because the hearing was expedited at Defendant's request when he signed a Form I-862. (ECF No. 28 at 8.) The government's argument misses the mark. The NTA is the charging document on which jurisdiction is based, and it is undisputed that the NTA did not provide date and time information. That Defendant subsequently requested an immediate hearing does not remedy the jurisdictional defect. Moreover, the exhibit the government represents as the Form I-862 Defendant signed on December 11, 2013 (ECF No. 28-3 at 2) provides no information regarding a time, date, or place for Defendant's appearance. It expressly addresses only Defendant's request for a prompt hearing and includes Defendant's attestation: "To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge." (*Id.*) The Form I-862 does not support a finding that the immigration court was properly conferred jurisdiction over the removal proceedings.

///

///

///

---

is ineligible for relief for failure to establish these requirements "to preserve the opportunity to seek *en banc* or c*ertiorari* review of [the] issue." (*Id.*)

4

Because under *Pereira* the applicable NTA was inadequate to confer jurisdiction upon the immigration court, that court's removal order is void. *Rodriguez-Rosa*, No. 3:18-cr-00079-MMD-WGC, ECF No. 26 at 7. Thus, Defendant's first and third removals based on that order was unlawful.[3] *Id.* Accordingly, the government cannot sustain Defendant's indictment under § 1326(a) based on these unlawful removals.[4]

**B.     Defendant's Second Removal[5]**

Defendant further argues that his second removal based on an expedited removal order (ECF Nos. 25-3, 28-6) cannot be a predicate removal because he was not advised he could withdraw his application for admission by the immigration officer who ordered his removal. (ECF No. 25 at 16; ECF No. 31 at 9.) The government counters that Defendant had no right to withdraw his application as he was already in the United States, contending only those at a port of entry seeking admission into the country may withdraw. (ECF No. 28 at 10–11.) The Court finds that Defendant's argument falls short of supporting dismissal of the indictment.

///

///

---

[3] *See United States v. Arias-Ordonez*, 597 F.3d 972, 978 (9th Cir. 2010) (noting that a reinstatement cannot "provide an independent basis for conviction of illegal reentry because they reinstated a removal that did not comply with due process").

[4] Because the Court finds Defendant's first and third removals are invalid under *Pereira*, the Court does not address Defendant's alternative argument for finding those removals invalid. (*See* ECF No. 25 at 9 (arguing Defendant's first and third removals are invalid because he was not advised of his eligibility for voluntary departure, which is a discretionary form of relief).)

[5] In its response, the government argues that the Court lacks jurisdiction to hear any claim attacking the validity of an expedited removal. (ECF No. 28 at 11.) However, the government withdrew this argument in its "Notice of Correction," agreeing with Defendant that Defendant is entitled to judicial review of the predicate expedited removal order. (ECF No. 33.) *See, e.g.*, *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011) (holding the defendant "was entitled to judicial review of the predicate expedited removal orders underlying his § 1326 prosecution . . ."); *see also United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014) (concluding the defendant "was deprived of the opportunity for judicial review" because the statute governing expedited removals bars immigration officers from giving further hearing or review to an alien determined inadmissible).

The parties agree that withdrawal is a discretionary form of relief. (ECF No. 25 at 16; ECF No. 28 at 10.) *See, e.g., United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014); *see also* 8 U.S.C. § 1225(a)(4) ("An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States."). "[A]n individual granted leave to withdraw his application for admission may exit the United States voluntarily and without a removal ordered." *Raya-Vaca*, 771 F.3d at 1206 (citing 8 CFR § 1235.4).

Here, although Defendant was already in the country,[6] he was eligible to request withdrawal. Under § 1225(a)(1), an alien is deemed an applicant for admission for immigration purposes if he is:

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) . . ..

8 U.S.C. § 1225(a)(1). Therefore, contrary to the government's position, at the time of the expedited removal order Defendant was an applicant for admission to the country and thus eligible to seek withdrawal even though he did not formally apply for admission. *See Raya-Vaca*, 771 F.3d at 1206 ("Even though [defendant] did not formally apply for admission to the United States, he is considered to have been an applicant for admission and as such was eligible for 'withdrawal of application for admission.'"). This finding, however, does not result in invalidation of the second removal order.

Defendant relies on *Raya-Vaca* to collaterally attack the indictment based on the second removal order. In that case the Ninth Circuit found the defendant's expedited removal order was invalid and could not serve as a predicate for his conviction under §

///

---

[6] Defendant was found near the border after admittedly entering the country from Mexico "through the mountains." (ECF No. 28 at 6, 11; ECF No. 28-5.) Citing to § 1225(b), the government argues Defendant could not withdraw because he was already in the country. However, § 1225(b) does not support the government's argument as it is not expressly concerned with withdrawal of application for admission. As noted, withdrawal is addressed at § 1225(a)(4) as concerning *applicants for admission* who are defined in § 1225(a)(1), discussed *infra*. Needless to say, the Court disagrees with the government's argument.

1326(a). *See id.* at 1211. The circuit court so found because: (1) the immigration officer who conducted the expedited immigration proceedings failed to observe the defendant's due process rights; and (2) the defendant could plausibly have been granted relief in the form of withdrawal. *Id.* at 1206–1211. Together, these prongs establish the necessary showing of fundamental unfairness for a successful collateral attack under § 1326(d). *See id.* The plausibility of relief prong particularly concerns whether the defendant has established prejudice. *See id.* In considering the plausibility of relief in a defendant's case, a court examines the circumstances of the case in light of factors enumerated in the INS Inspector Field Manual for immigration officers. *Id.*

Here, Defendant does not expressly argue that his due process rights were violated. (*See generally* ECF No. 25 at 2–3, 16–18; ECF No. 31 at 9–11.) Defendant solely provides argument going to the plausibility of relief prong. (*Id.*) Nonetheless, the Court recognizes that unlike most circuits,[7] the Ninth Circuit has held that failure to advise an alien of his potential eligibility for discretionary relief violates due process. *See, e.g.*, *United States v. Lopez*, 629 F.3d 894, 897 (9th Cir. 2010). Thus, it is conceivable that Defendant attempts to argue that the immigration officer's failure to advise Defendant he was eligible to withdraw his application for admission violated Defendant's due process rights.

However, if that is Defendant's argument, the Court is unpersuaded. In *Lopez*, which the Court finds governs this analysis, the Ninth Circuit appears to limit its finding of a due process violation for failure to inform a defendant of his eligibility for discretionary relief to *IJs*. *Id.* at 896–897 (internal quotations and citations omitted) (recognizing a requirement for IJs to advise of "'apparent eligibility' for relief" because the Ninth Circuit has "interpreted 'apparent eligibility' to mean where the record, fairly reviewed by an individual who is *intimately familiar with the immigration laws*—as IJs no doubt are—raises

///

---

[7] *See, e.g.*, *United States v. Rodriquez-Aparicio*, 888 F.3d 189, 196 & n.5 (5th Cir. 2018) (recognizing that the Ninth and Second Circuits are in the minority in concluding that the failure to explain eligibility for discretionary relief rises to the level of fundamental unfairness).

a reasonable possibility that the petitioner may be eligible for relief") (emphasis added).[8] Defendant has provided no reason, and the Court will not supply one for him, to extend the Ninth Circuit's reasoning in *Lopez* from IJs to immigration officers.[9] Accordingly, Defendant has not established fundamental unfairness regarding the immigration officer's failure to advise him of his eligibility for withdrawal.

Because Defendant does not challenge his second removal on any other ground, the Court finds Defendant's collateral attack of the indictment fails. Although his first and third removals are invalid under *Pereira*, Defendant fails to show that his second removal cannot serve as a predicate removal for the § 1326(a) offense. The Court therefore denies Defendant's Motion.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 25) is denied.

DATED THIS 19th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[8] It appears that under Ninth Circuit precedent, if this finding of due process violation applied to immigration officers Defendant would not need to establish plausibility of relief. *See Raya-Vaca*, 771 F.3d at 1205 (citing *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015–16 (9th Cir. 2013) (holding, without prejudice inquiry, that *immigration judge's* failure to inform alien of eligibility for relief, as required by regulation, violated due process)).

[9] Notably, in *Raya-Vaca*, the circuit court appears to decline the opportunity to address the finding of such due process violation in the immigration officer context. *Compare Raya-Vaca*, 771 F.3d at 1202 (noting the defendant's due process violation arguments as including that the immigration officer failed to advise defendant of the possibility of withdrawing his application for admission) *with id.* at 1203–1206 (finding due process violation based on the defendant's other arguments but not addressing the immigration officer's failure to advise about the possibility of withdrawal).