UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUILLERMO ZUNIGA-VARGAS,<br><br>Defendant. | Case No. 3:18-cr-00081-MMD-WGC<br><br>ORDER |

The Court previously issued an order denying Defendant's motion to dismiss his pending indictment under 8 U.S.C. § 1326(a) for unlawful reentry. (ECF Nos. 1, 10, 25; 35.) Before the Court is Defendant's motion for leave asking to supplement his original motion to dismiss with three additional due process claims ("Motion"), arguing good cause for doing so and that supplementation would be in the interest of justice. (ECF No. 37; ECF No. 45 at 5.) The government opposes the Motion (ECF No. 41). For the reasons stated below, the Court denies the Motion, but nonetheless grants Defendant leave to file a new motion to dismiss—not merely to supplement the original motion.

In the interest of justice, the Court considers Defendant's motion to supplement to be a request to file a new motion to dismiss and will permit Defendant to do the latter. The Court finds that it is most fair and equitable to consider all circumstances and arguments pertinent to the Court's decision on Defendant's collateral challenge to his indictment. The

Court therefore rescinds its order on Defendant's first motion to dismiss[1] (ECF No. 35). Defendant's new motion to dismiss should be entitled "second motion to dismiss" and should include all arguments Defendant seeks to have the Court consider.

It is therefore ordered that Defendant's motion for leave to supplement his original motion to dismiss (ECF No. 37) is denied. However, Defendant is granted leave to file a second motion to dismiss, which must include all arguments Defendant intends to raise in challenge of his indictment. Defendant will have seven days from when this order is filed to file his new motion. The normal briefing period will otherwise apply. It is further ordered that the Court rescinds its December 19, 2018 order (ECF No. 35).

It is further ordered that Defendant's motion for reconsideration of the now rescinded order (ECF No. 38) is denied as moot.

DATED THIS 6th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks omitted); *see United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264 (1982) (order denying motion to dismiss is interlocutory).